UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ADALATI SHAWUTI,                    )
                                    )
                  Plaintiff,        )
       v.                           )   Civil Action No. 16-2292 (TSC)
                                    )
U.S. CITIZENSHIP AND IMMIGRATION    )
SERVICES,                           )
                                    )
                  Defendant.        )
_____)

## **MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss the Complaint [ECF No. 5] and Plaintiff's Motion for Court Appointed Counsel [ECF No. 8]. For the reasons discussed below, the Court will GRANT Defendant's Motion to Dismiss the Complaint and DENY Plaintiff's Motion for Court Appointed Counsel as moot.

### I. BACKGROUND

Plaintiff Adalaiti Shawuti entered the United States on May 6, 2008 (Compl. at 5 (page numbers designated by ECF)), and has been a lawful permanent resident since March 6, 2011, *id*. at 3; *see* Mem. in Support of Def.'s Mot. to Dismiss Compl. ("Def.'s Mem."), Ex. B (Decision dated February 3, 2017) at 2. Plaintiff applied to become a naturalized United States citizen on May 1, 2015, by filing Form N-400. (Compl. at 3, 5). Defendant United States Citizenship and Immigration Services ("USCIS") received her application on May 5, 2015. (Def.'s Mem., Ex. B at 2).

Roughly 15 months passed without a response from USCIS. (Compl. at 6). On October 26, 2016, Plaintiff brought this action under 8 U.S.C. § 1447(b) to "demand that [her] application be adjudicated as soon as possible." (*Id*.).[1]

On January 13, 2017, Plaintiff "appeared for an interview to determine [her] eligibility status for naturalization," and on February 3, 2017, USCIS denied her application as premature:

> During the interview and review of your application, the Immigration Services Officer noted that you filed your application for naturalization before you completed the required 5-year residency requirement. In order to qualify for naturalization under INA 316, you must have been a lawful permanent resident for 5 years before filing your application. Although USCIS permits applicants to file Form N-400 up to 90 days before completion of the required period of residence, you submitted your application on May 5, 2015. This filing was not within the 90-day period. Unfortunately, you are ineligible for naturalization at this time since you did not meet the residency requirement at the time of filing Form N-400. Therefore, USCIS denies your application for naturalization.

Def.'s Mem., Ex. B at 2.

## II. DISCUSSION

USCIS moves to dismiss the complaint for lack of subject matter jurisdiction on two grounds. First, USCIS addresses Plaintiff's claim under 8 U.S.C. § 1447(b), which requires that USCIS make a decision on an application for naturalization "before the end of the 120-day period after the date on which the examination is conducted," and only then may "the applicant . . . apply to the United States district court . . . for a hearing on the matter." 8 U.S.C. § 1447(b). "Section 1447(b) has been interpreted as vesting in federal district courts exclusive jurisdiction

---

[1] The Court treats the Complaint as if it had been filed on October 26, 2016, the date on which the Clerk of Court received it.

when a naturalization applicant has filed suit as a result of [the Department of Homeland Security's] failure to adjudicate her application within 120 days of her examination." *Castracani v. Chertoff*, 377 F. Supp. 2d 71, 73 (D.D.C. 2005) (citation omitted).

When Plaintiff filed this civil action in October 2016, she had not yet had an interview. Had the clock begun to run on January 13, 2017, the date of her interview, then USCIS's February 3, 2017 decision fell well within the 120-day period. USCIS argues, and the court concurs, that in these circumstances section "1447(b) did not apply to vest this Court [with] subject matter jurisdiction over [Plaintiff's] claims." (Def.'s Mem. at 5).

Second, USCIS argues that Plaintiff's claim is moot. (Def.'s Mem. at 5-6). "Article III of the United States Constitution empowers federal courts to entertain disputes only when they are deemed to be 'Cases' or 'Controversies.'" *United Motorcoach Ass'n, Inc. v. Welbes*, 614 F. Supp. 2d 1, 8 (D.D.C. 2009) (quoting U.S. Const. art. III, § 2), *aff'd sub nom. United Motorcoach Ass'n v. Rogoff*, No. 09-5211, 2009 WL 5125173 (D.C. Cir. Dec. 9, 2009). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, "throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "A case becomes moot – and therefore no longer a Case or Controversy for purposes of Article III – when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks and citation omitted).

Plaintiff brought this action to prod Defendant "to complete the processing of [her] application [for naturalization] and make a determination[.]" Compl. at 2. Here, USCIS' denial of Plaintiff's application for naturalization February 3, 2017, after she had filed her Complaint, rendered her claim moot. Now that Defendant's challenged action (or inaction) has occurred, the Court is without means "to grant any effectual relief whatever to [Plaintiff]." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) (internal quotation marks and citations omitted).

Among other criteria, an applicant for naturalization "immediately preceding the date of filing [her] application for naturalization [must have] resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years[.]" 8 U.S.C. § 1427(a). Plaintiff is under the mistaken impression that she was eligible to apply for naturalization four years after obtaining legal permanent resident status. (Pl.'s Opp'n at 2).[2] She devotes her Opposition to challenging the USCIS's decision itself and does not address Defendant's arguments with respect to subject matter jurisdiction. Plaintiff therefore has advanced no argument factual assertion to the Court from its conclusion that it is without subject matter jurisdiction. *See Bouguettaya v. Chertoff*, 472 F. Supp. 2d 1, 2 (D.D.C. 2007).

---

[2] The Court treats Plaintiff's February 23, 2017 submission ("Pl.'s Opp'n) as her opposition to Defendant's Motion to Dismiss Complaint.

## III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims.

Defendant's motion to dismiss will be granted. An Order is issued separately.


DATE: August 7, 2017

/s/
TANYA S. CHUTKAN
United States District Judge